IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRYAN ANGLE, II, | ) | |
| Plaintiff | ) | Case No. 1:19-cv-54 |
| vs. | ) | |
| | ) | RICHARD A. LANZILLO |
| SUPERINTENDENT OVERMYER, et al., | ) | UNITED STATES MAGISTRATE JUDGE |
| Defendants | ) | |
| | ) | ORDER ON PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER [ECF No. 15] |

Pending before the Court is Plaintiff Bryan Angle's motion for a temporary restraining order and preliminary injunction. ECF No. 15. In his motion, Angle asserts that he was retaliated against by "the PRC" (Program Review Committee) for filing his Complaint in this civil action. ECF No. 15. He further alleges that the PRC "approved" him for the Special Management Unit ("SMU") instead of the Behavioral Management Unit ("BMU") and that he will suffer irreparable injury if placed in the SMU. *Id.* He seeks an order of Court directing prison officials to "stop retaliating against Plaintiff and keep them from sending Plaintiff to the SMU or any other placement." *Id.*

Preliminary injunctive relief is extraordinary in nature and is discretionary with the trial judge. *Orson, Inc. v. Miramax Film Corp.*, 836 F. Supp. 309, 311 (E.D. Pa. 1993). In determining whether to grant a motion seeking preliminary injunctive relief, courts in the Third Circuit must consider the following four factors: (1) the likelihood that the applicant will prevail on the merits; (2) the extent to which the movant is being irreparably harmed by the conduct

1

complained of; (3) the extent to which the non-moving party will suffer irreparable harm if the preliminary injunction is issued; and (4) whether granting preliminary injunctive relief will be in the public interest. *Bimbo Bakeries USA, Inc. v. Botticella*, 613 F.3d 102, 109 (3d Cir. 2010).

The burden of introducing evidence to support the issuance of preliminary injunctive relief is on the moving party with respect to the first two factors. *Acierno v. New Castle County*, 40 F.3d 645, 653 (3d Cir. 1994). An absence of either of the first two factors warrants the denial of a request for preliminary injunctive relief. *Id.*; *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 484 (3d Cir. 2000).

The United States Court of Appeals for the Third Circuit has defined irreparable injury as "potential harm which cannot be redressed by a legal or equitable remedy following a trial." *Instant Air Freight Co. v. C.F. A Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989). A court may not grant preliminary injunctive relief unless "[t]he preliminary injunction [is] the only way of protecting the plaintiff from harm." *Id.* The relevant inquiry is whether the party moving for the injunctive relief is in danger of suffering the irreparable harm at the time the preliminary injunction is to be issued. *SI Handling Sys., Inc. v. Heisley,* 753 F.2d 1244, 1264 (3d Cir. 1985).

Upon balancing the above-cited factors, the Court concludes that Angle has not made a showing that he will suffer any imminent or irreparable harm unless the preliminary injunction is issued, nor has he shown a substantial likelihood of success on the merits regarding the relief sought in his motion.

Angle requests that the Court enjoin "the PRC" from sending him to the SMU. The Court finds that the allegations of Angle's motion do not support a finding that Plaintiff's potential housing in the SMU would cause him to suffer irreparable harm. Angle's motion makes only a single vague and conclusory allegation that he will suffer irreparable harm and

alleges no facts upon which the Court may infer any imminent threat to Angle in the SMU. Further, Angle's motion does not identify any actual or threatened injury that is not appropriately remedied by money damages. *See Instant Air Freight*, 882 F.2d at 801 (a court may not grant injunctive relief unless "[t]he preliminary injunction [is] the only way of protecting the plaintiff from harm."). Thus, Angle has failed to demonstrate an entitlement to a Court order directing prison officials not to place him in the SMU.

Angle has likewise failed to demonstrate a likelihood of success on the merits. It is well established that the Due Process Clause does not give a prisoner a liberty interest in a specific housing location or custody level while under the jurisdiction of correctional authorities. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (explaining that prisoners have no legitimate due process concerns in their prison classifications); *Mundo–Violante v. Warden Loretto FCI*, 654 Fed. Appx. 49, 51 (3d Cir. 2016) (a plaintiff's security classification and the collateral consequence of disqualification for other facilities is not outside what a prisoner may reasonably expect to encounter as a result of his or her conviction). In a similar case in which a prisoner alleged a retaliatory motive behind his relocation within the prison, the Third Circuit rejected a prisoner's claim and found no First Amendment violation. *See Mincy v. Klem*, 448 Fed. Appx. 169 (3d Cir. 2011) (a plaintiff's transfer to different cell where he was beaten by a cellmate did not support claim for retaliation where prisoner testified against a prison official). Thus, Angle has not demonstrated a likelihood of success on the merits.

For the foregoing reasons, Angle's Motion for a Temporary Restraining Order and/or Preliminary Injunction [ECF No. 15] is denied.

/s/ Richard A. Lanzillo
RICHARD A. LANZILLO
United States Magistrate Judge

Dated: October 24, 2019